IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************
UNITED STATES OF AMERICA,

        v.

THOMAS SCZERBANIEWICZ,

        Defendant.
*********************************

Case No. 5:21-CR-97 (DNH)

GOVERNMENT'S SENTENCING MEMORANDUM

### I.   Introduction

On April 1, 2021, the defendant pled guilty pursuant to a plea agreement to a one count information charging access with intent to view and possession of child pornography, in violation of Title 18, United States Code, Section 2252A(b)(5)(B). The defendant is scheduled to be sentenced on July 28, 2021. The defendant's guidelines imprisonment range is 120 months, the mandatory minimum imprisonment term. The government respectfully requests that this Court impose a sentence of 120 months.

### II.  Statutory Provisions

The mandatory minimum term of imprisonment is 10 years and the maximum imprisonment term is twenty years. PSR ¶ 65 (citing 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The court must impose a term of supervised release of between five years and life. PSR ¶ 69 (citing 18 U.S.C. § 3583(k)). The maximum fine is $250,000. PSR ¶ 73 (citing 18 U.S.C. § 3571(b). There is a mandatory $100 special assessment, PSR ¶ 74 (citing 18 U.S.C. § 3013), and this Court is required to assess an additional $5,000 unless it concludes that the defendant is indigent, *id.* (citing 18 U.S.C. § 3014). The defendant also is subject to the Amy, Vicky, and Andy Child Pornography

1

Victim Assistance Act of 2019, which authorizes an additional assessment of up to $17,000 after consideration of the factors in 18 U.S.C. § 3553(a) and 3572. PSR ¶ 75 (citing 18 U.S.C. § 2259A).

**III.    Guidelines Provisions**

    **A.    Offense Level**

The government agrees with the PSR's offense level calculation:

| Base Offense Level / Adjustment | Level |
|---|---|
| 2G2.2(a)(1) – base offense level | 18 |
| 2G2.2(b)(2) – prepubescent minors or minors under 12 years old | +2 |
| 2G2.2(b)(6) – use of a computer | +2 |
| 2G2.2(b)(7)(A) – between 10 and 150 images of child pornography | +2 |
| *Adjusted Offense Level* | 24 |
| 3E1.1(a) and (b) – timely acceptance of responsibility | -3 |
| *Total Offense Level* | 21 |

    **B.    Criminal History Category**

The defendant is a criminal history category III.

    **C.    Guidelines Imprisonment Range**

A total offense level of 21 with a criminal history category III corresponds to a guidelines imprisonment range of 46-57 months. However, because the statutorily authorized minimum imprisonment term is 120 months, that term becomes the guidelines imprisonment term. *See* U.S.S.G. § 5G1.1(b).

**IV.    Sentencing Recommendation**

    **A.    Imprisonment Term**

The government recommends a sentence of 120 months' imprisonment.

The defendant is a repeat offender with a prior conviction in 2009 for receiving and possessing child pornography. He committed the instant offense conduct in the bathroom of his

sex offender treatment provider. At the time, he was on federal supervised release for the 2009 conviction and was not authorized to possess internet capable devices because he was not enrolled in the computer restriction and monitoring program at the time.

With respect to the sentencing on the defendant's supervised release violation, which the government expects will take place simultaneously with the sentencing on his new conviction, United States Sentencing Guideline 7B1.3(f) provides that:

> [a]ny term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, *whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.*

(Emphasis added). The defendant's guidelines imprisonment "range" for his new offense conduct is 120 months' imprisonment because U.S.S.G. § 5G1.1(b) makes the mandatory minimum term "the guideline sentence." This is true although a total offense level of 21 with a criminal history category of III would otherwise correspond to a recommended imprisonment term of 46-57 months. Accordingly, the guidelines recommend that the defendant's revocation sentence run concurrently to the imprisonment term this Court imposes for the new conviction. This Court, however, has discretion to run the revocation sentence concurrently (in whole or in part) with the sentence on the new conviction.

Considering the foregoing and the applicable 18 U.S.C. § 3553(a) factors, a guideline sentence of 120 months' imprisonment is appropriate for the new offense conduct.[1]

---

[1] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in

      **B.**    **Special Condition of Supervised Release #8 – The Adult Pornography Restriction**

The defendant has objected to proposed special condition of supervised release #8, which provides as follows:

> While in treatment and for the remainder of the term of supervision following completion of treatment, you shall not view, possess, own, subscribe to or purchase any material, including pictures, videotapes, films, magazines, books, telephone services, electronic media, computer programs, or computer services that depict sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

PSR Recommended Special Conditions of Supervision #8. The defendant asserts that the condition is overbroad, that there is no indication that viewing adult pornography led him to commit the offense, and that there is no indication that viewing adult pornography would be a factor in recidivism. The government agrees with the probation office that special condition #8 is supported by the facts.

As reflected in paragraph 11 of the PSR, the defendant used a mobile device to access the internet and search for and view both child pornography and adult pornography. This reflects a connection between the defendant's offense conduct and his consumption of adult pornography. The connection appears as well in the defendant's prior treatment records which are summarized in the PSR. At paragraph 45, the PSR explains that the defendant's treatment provider in December 2008 said that the defendant "appears to have a significant, obsessive habit of viewing pornography, much of it depicting children." More significantly, in March 2009, the defendant received treatment at the KeyStone Center Extended Care Unit. PSR ¶ 46. That provider

---

connection with sentencing, except for the confidential sentencing recommendation submitted by the United States Probation Office.

recommended that he "refrain from internet access or access to pornography of any kind." Id. Accordingly, proposed special condition #8 is appropriate.

DATED: July 5, 2021

                              ANTOINETTE T. BACON
                              Acting United States Attorney

By:    /s/ Michael Gadarian
                              Michael D. Gadarian
                              Assistant United States Attorney
                              Bar Roll No. 517198

(Digitally signed by MICHAEL GADARIAN, Date: 2021.07.05 10:43:36 -04'00')